**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOUNGSUK KIM, on behalf of himself and all others similarly situated, | No. 22-55529 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-02196-JWH-KK |
| v. | |
| BENIHANA, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted May 11, 2023
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,** District Judge.

In this diversity action invoking California consumer protection statutes, Youngsuk Kim appeals a district court order denying certification of a putative master class of purchasers of "Food Products that Benihana's menu labeled to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

contain 'crab'" and subclasses for each of ten challenged products. We have jurisdiction over this certified interlocutory appeal under 28 U.S.C. § 1292(e). We affirm in part, vacate in part, and remand for further proceedings.

1. The district court's order was premised on its exclusion of a report by Dr. Eric Forister submitted in support of Kim's class certification motion to "quantify damages" through "benefit-of-the-bargain" and "restitution" theories, and the court's subsequent conclusion that Kim had not presented a classwide method of establishing damages in the absence of the Forister report.

a. We vacate the portion of the district court's order that excluded the "benefit-of-the-bargain" theory solely because Dr. Forister "relied on the **summary** of the data" in a report by Dr. Thomas Maronick without accessing the "'raw' or underlying survey data." The district court expressly found the Maronick report was admissible, characterizing its conclusions as "appropriately drawn from his survey data." In arriving at an opinion, an expert may rely on admitted evidence, *see* Fed. R. Evid. 703 advisory committee's note to 1972 proposed rules, as well as reliable "data collected by others," *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1142 (9th Cir. 1997). Dr. Forister's reliance on a report by another expert that the district court found to be both reliable and admissible does not affect the Forister report's admissibility.

b. Benihana also contends that the Maronick report does not support Dr.

2

Forister's "benefit-of-the-bargain" opinion. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). But the district court made no such finding, instead relying only on Dr. Forister's failure to examine the data underlying Dr. Maronick's conclusions. We therefore remand for the district court to address any other objections to the Forister report or the "benefit-of-the-bargain" model in the first instance.

c. The district court did not abuse its discretion in excluding Dr. Forister's restitution model. Restitution "must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015) (citation omitted). A restitution model must show how to calculate "what a purchaser would have paid at the time of purchase had the purchaser received all the information." *Id.* at 989. The court correctly noted that Dr. Forister's restitution model did not "rely on specialized knowledge or expertise," present the "value of restitution [that] should be applied to the facts of this case," or account "for the value that consumers receive from" the challenged products or "other factors that may drive consumer preferences."[1]

---

[1]    Because the district court was not asked to address the issue, we express no opinion whether, as Kim contends, an alternative restitution model may be derived from record evidence other than Dr. Forister's report. *See G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018).

3

2.  The district court held that "Kim does not have standing with respect to the California Roll" subclass claims because "unlike the other Food Products, Benihana did not list crab as an ingredient in the California Roll," and "Kim never ordered the California Roll."  It also held that because "the menu does not advertise that the California Roll contains crab, the California Roll does not meet commonality requirements."

Although the Rule 23 issue might better be described as involving "typicality," *see* Fed. R. Civ. P. 23(a)(3), the district court did not abuse its discretion in determining that Kim may not represent the putative California Roll subclass. Whether the issue addressed is characterized as one of standing, *see Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2014 WL 1024182, at \*4–8 (N.D. Cal. Mar. 13, 2014) (explaining the "substantial similarity" theory), or typicality, *see Ellis*, 657 F.3d at 984, the district court correctly concluded that Kim is not a proper representative of the California Roll subclass.  The claim concerning the California Roll is distinct from the claims related to other products, which rely on the use of the word "crab" in their descriptions on Benihana's menus.  As to the California Roll, the claim is instead that purchasers were misled into paying an inflated price because they assumed the product included actual crab, even though the menu did not describe this item using the word "crab."  The most that Kim can claim is that he shares that assumption, not that he bought a California Roll based on it or suffered

4

any damage similar to those who did.

**AFFIRMED IN PART AND VACATED IN PART; REMANDED.**

The parties shall bear their own costs.